UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

RUSSELL K. HILL,                                    :
                                                    :
                        Plaintiff                   :
            v.                                      :       File No. 1:16-cv-00153-jgm
                                                    :
HILLARY RODHAM CLINTON,                             :
WILLIAM BLYTHE CLINTON,                             :
                                                    :
                        Defendants.                 :
_____                 :

ORDER
(Doc. 1)

Russell K. Hill, proceeding pro se, moves for leave to proceed in forma pauperis.  (Doc. 1.)

Hill seeks to bring an action against Hillary Rodham Clinton and William Blythe Clinton.  Because

the financial affidavit in support of the motion meets the requirements of 28 U.S.C. § 1915(a), the

motion for leave to proceed in forma pauperis is granted.  For the following reasons, however, the

case is dismissed.

Discussion

A district court has the inherent power to dismiss a case, sua sponte, if it determines the

court lacks jurisdiction over the matter.  Fed. R. Civ. P. 12(h)(3).  Under 28 U.S.C. § 1915, "the

court shall dismiss [a] case [filed in forma pauperis] at any time if the court determines that . . . the

action . . . is frivolous or malicious [or] fails to state a claim on which relief may be granted."

28 U.S.C. § 1915(e)(2)(B).  The Court is required to read a pro se plaintiff's complaint liberally and

to construe it to raise the strongest arguments it suggests, McEachin v. Mcguinnis, 357 F.3d 197,

200 (2d Cir. 2004); all complaints, however, must contain at least "some minimum level of factual

support for their claims."  Alfaro Motors, Inc. v. Ward, 814 F.2d 883, 887 (2d Cir. 1987).  The

Supreme Court has held a complaint "is frivolous where it lacks an arguable basis either in law or in

fact." <u>Neitzke v. Williams</u>, 490 U.S. 319, 325 (1989); <u>see also</u> <u>Scanlon v. Vermont</u>, 423 F. App'x 78, 79 (2d Cir. 2011).

In his forty-seven page complaint, Hill alleges a "continuing criminal enterprise," asserting the "get tough on crime movement" that resulted in habitual offender laws, mandatory minimum sentences, and disparate crack and cocaine sentencing laws are "elements of the Clinton Brand of economics and evidence of the constitutionally forbidden classism." (Doc. 1-2 at 29.)  He requests the Court "permanently enjoin Hillary Rodham Clinton and all current and future government electoral candidates, both state and federal[,] from the practice of 'classconsciousness.'  Specifically, banning the use of the term 'middle class.'"  (Doc. 1-2 at 1; <u>see also</u> Doc. 1-2 at 47 ("Petitioner Hill seeks an injunction against government idiom including the term middle-class or any other class idiom.").)  He also seeks declaratory relief "clarify[ing] the unconstitutionality of classism in the government."  <u>Id.</u> at 47.

Rule 8 of the Federal Rules of Civil Procedure, provides, in relevant part, that a complaint "must contain . . . a short and plain statement of the grounds for the court's jurisdiction, . . . a short and plain statement of the claim showing that the pleader is entitled to relief," and "[e]ach allegation must be simple, concise, and direct."  Fed. R. Civ. P. 8(a), (d).  Essentially, Rule 8 ensures a complaint provides a defendant with sufficient notice of the claims against him.  <u>See</u> <u>id.</u>; <u>Ashcroft v. Iqbal</u>, 556 U.S. 662 (2009).  "When a complaint fails to comply with these requirements [contained in Rule 8], the district court has the power, on motion or sua sponte, to dismiss the complaint or to strike such parts as are redundant or immaterial."  <u>Simmons v. Abruzzo</u>, 49 F.3d 83, 86 (2d Cir. 1995).

Here, Hill's complaint does not contain a short and plain statement of the grounds for the court's jurisdiction, or a short and plain statement of his claims, or averments that are simple,

concise and direct.  Most importantly, none of the parties are alleged to be Vermont residents or to have any contacts with the state and the basis of the Court's subject matter jurisdiction cannot be gleaned from the complaint.  Accordingly, it is sua sponte dismissed.

Conclusion

For the reasons set forth above, Plaintiff's motion to proceed in forma pauperis (Doc. 1) is granted and this case is dismissed.

It is further certified that any appeal taken in forma pauperis from this Order would not be taken in good faith because such an appeal would be frivolous.  See 28 U.S.C. § 1915(a)(3).

SO ORDERED.

Dated at Brattleboro, in the District of Vermont, this 11th day of October, 2016.

/s/ J. Garvan Murtha
Honorable J. Garvan Murtha
United States District Judge